313 So.2d 224 (1975)
STATE of Louisiana
v.
David M. FINKLEA.
No. 55723.
Supreme Court of Louisiana.
April 24, 1975.
Rehearing Denied May 30, 1975.
William G. Kelly, Jr., Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant appeals his conviction and sentence of eighteen months for second offense possession of marijuana. R.S. 40:966. The sole question on appeal is the correctness of the overruling of a motion to suppress.
*225 Marijuana seeds (estimated at from eight to twelve) were found by deputies after they had stopped and searched a car driven by defendant's brother and occupied by defendant and a girl friend. The evidence is conflicting in many respects.
The State argues that the police had probable cause to search without a warrant, and, in the alternative, the contraband was in plain view.
The "plain view" argument is not supported by the evidence. The seeds were described as being the size of the letter "c" on a typewriter; one officer said they were found between the seat and the seat back of the rear seat of the automobile, in the crack where they joined, and on the rug on the floor and in the ashtray; the other officer said the seeds were on the front seat; neither testified that any contraband was visible from outside the car.
The State argues that: "The defendants fled from the officers upon their approach and after the collision; the driver was placed under arrest for Driving While Intoxicated, prior to the search of the interior of the vehicle. Additionally, the officers smelled what they believed to be marijuana at the time the defendants opened the door and removed themselves from the vehicle. The totality of facts gave the officers reasonable grounds to search the vehicle without a warrant."
The officers testified that they first observed the old Cadillac automobile occupied by the defendant's party about 10:30 in the evening. There had been a complaint about a half hour earlier that a light colored Cadillac with a loud muffler was acting "suspiciously" on a country road.
The officers saw such a Cadillac drive up to the gas pumps at a country store, followed by a Javelin. The officers intended to question the occupants of the Cadillac, but both cars started to leave the station, one heading north and the other headed south. The officers put the police vehicle in reverse, attempting to block the Cadillac, and then there was a slight collision between the rear of the police car and the side of the Cadillac. The deputies turned on their car's flashing red light at about the time they tried to stop the cars.
The deputies said they then turned their car around and pursued the Cadillac, which, they said, left at a high speed. The deputies said they reached a speed of about 60 mph and caught up with the Cadillac, which stopped about ¼ or ½ mile away, in front of the deputies. It was at this point that the arrest and search was made.
The deputies ordered the occupants out of the Cadillac, searched them, handcuffed the two boys and placed the girl between the two automobiles. During this procedure the deputies said they smelled marijuana smoke and smelled alcohol on the breath of the driver (not the defendant). They asked the driver if they could search the car, and the driver said yes, provided he be allowed to watch the search. This the deputies did not permit him to do, but searched, nevertheless. The State does not contend that the search was with the consent of the possessor of the automobile.
The occupants of the Cadillac denied that there was a chase. They said they had driven to the store for gasoline, found it closed, and were leaving when the deputies collided with their car, which was partly on the road at the time of the collision. The car was then brought to a halt on the road near the store, according to the boys.
The police had determined to question the occupants of the Cadillac when they first saw it. The officers said they could tell "they were going to run" as soon as the officers pulled into the grocery parking lot. Then the "chase" began, and whether it was for 50 yards or a ½ mile is immaterial.
The police had no right to arrest the defendant or his companions when they drove into the station. The police did have a right to make a "non-custodial investigation;" that is, they could look and see, and *226 question if those interrogated wished to be questioned. They had no right, however, to stop them or chase them or arrest them. The police had no information of any crimeonly that a light colored Cadillac with loud mufflers had acted suspicious on a country road.
When there is no warrant, police may arrest only when the one arrested has committed a felony, or has committed a misdemeanor in his presence, or at least "has reasonable cause to believe that the person to be arrested has committed an offense." C.Cr.P. 213.
The reasonable cause must exist before the arrest, not after. After the defendant and his companions were removed from the car and handcuffed, the deputies, having smelled alcohol, arrested defendant's brother for driving while intoxicated. Having smelled marijuana, they searched, found seeds, and announced that defendant and the others were under arrest for possession of marijuana. The only incident noted by the State and the trial judge which occurred before the defendant was stopped and handcuffed (arrested) was the "flight." Flight alone, under these circumstances, cannot justify an arrest. See State v. Saia, 302 So.2d 869 (La.1974).
The motion to quash should have been, and is now, sustained. The conviction and sentence are reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.
TATE, J., also assigns additional concurring reasons.
SANDERS, C. J., and SUMMERS and MARCUS, JJ., dissent and assign written reasons.
TATE, Justice (concurring).
I concur, despite initial reservations:
(1) The 8-12 tiny dust-like marijuana seeds could not be in "plain view" so as to justify their seizure.
(2) The prior chase and collision was not probable cause to justify a search of the automobile, however much they may have justified a summons or detention for traffic violation. At the time of the search of the vehicle, the three occupants had been ordered out of the car by the police, their persons had been searched, and the two boys had been handcuffed.
Assuming that "their" traffic violations justified such extreme measures of custodial arrest (which included not only the driver but also the two passengers), these traffic violations did not under any cited exception to the warrant-requirement justify a search of the motor vehicle.
Nor was a warrantless search of the automobile justified by any cited principle by the belated suggestion of the police at the trial that they thought they smelled marijuana (they did smell alcohol on the driver's breath at the time of the arrest) during search of the persons of the young people so "arrested". (Actually, of course, the two passengers, at least were just being detained (under handcuffs) for interrogation; the defendant was a passenger.)
As the majority holds, the search of the vehicle after the "arrest" for traffic offenses of the three occupants standing outside it, cannot under any cited principle be classified as a search incident to an arrest.
Despite reservations, I therefore concur in suppressing the products of the search as unconstitutionally seized.
MARCUS, Justice (dissenting).
In my view, the evidence was admissible under the "automobile exception" to the warrant requirement of the fourth amendment. For this exception to be applicable, there must be probable cause and exigent circumstances. The police officers had a prior complaint that a light colored Cadillac with a loud muffler was acting "suspiciously" on a country road. Subsequently, the vehicle was observed by the officers at a gas station. An attempt to block said vehicle *227 resulted in a collision between the Cadillac and the police vehicle. The officers turned on the flashing red light of the police vehicle and pursued the Cadillac, which left at a high rate of speed. The deputies stated they reached a speed of 60 mph. They caught up with defendant vehicle about one-fourth or one-half mile away. Occupants were ordered out of the Cadillac, etc. During this procedure, the deputies smelled marijuana smoke. A search was then made of the interior of the vehicle, and marijuana here involved was seized.
First, under these facts, the police officers had reasonable cause to stop the vehicle for investigatory purposes. Second, was there probable cause for the search and seizure? In my view, there is ample evidence to reach an affirmative answer to this question. A prior report that a Cadillac meeting the description of the observed vehicle had been viewed acting suspiciously; the collision of the vehicle with the police car at the gas station when an attempt was made to block its departure; the subsequent flight of defendant vehicle; the smell of marijuana smoke. The totality of these facts, prior to the search of the interior of the vehicle, certainly warrant a finding of probable cause. The exigent circumstances were supplied by the mobility of the vehicle on a public road at night. Accordingly, it is my opinion that the "automobile exception" of the warrant requirement of the fourth amendment is applicable here. The trial judge correctly denied the motion to suppress. I respectfully dissent from the majority opinion.
SANDERS, Chief Justice (dissenting).
I dissent for the reasons assigned by Mr. Justice Marcus.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by Mr. Justice Marcus.