332 So.2d 760 (1976)
STATE of Louisiana, Appellee,
v.
Edward COOK, Appellant.
No. 57305.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
*761 Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of illegal possession of heroin, La.R.S. 40:966(C), and sentenced as a multiple offender, La. R.S. 15:529.1, to twenty years at hard labor. Upon appeal, the single assignment of error relates to the denial of the motion to suppress the heroin seized at the time of the defendant's arrest and its admission into evidence.
The issue so-raised primarily relates to whether the law enforcement officers had the right to make a forcible stop of the defendant, i.e., whether at the time they had grounds for reasonable suspicion that he had been engaged in or was about to engage in criminal conduct.
(1)
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. art. 215.1 (1968).[1] See also *762 Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 2d 917 (1968) and succeeding federal and state jurisprudence.
The right to make an investigatory stop must be based upon reasonable cause sufficient to suspect the detainee of past, present, or imminent criminal conduct. State v. Weathers, 320 So.2d 892 (La. 1975); State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970). As these decisions note, the reasonable cause must be determined, under the facts of each case, by whether the officers had sufficient knowledge of particular circumstances sufficient to permit them to infringe upon the individual's right to be left alone free of governmental interference with his liberty.
If, however, the officers do not have the right to make an investigatory stop, evidence seized or otherwise obtained as the result thereof cannot constitutionally be admitted into evidence against a criminally accused. State v. Truss, 317 So.2d 177 (La.1975); State v. Finklea, 313 So. 2d 224 (La.1975); State v. Saia, 302 So. 2d 869 (La.1974). This inadmissibility extends to property dropped or abandoned in response to an illegal stop. State v. Lawson, 256 La. 471, 236 So.2d 804 (1970).
In determining the right of governmental officers to forcible stop or investigatory detention, we have consistently emphasized that the officers must have reasonable cause to stop and question the particular individual detained, including reasonable belief justified by some conduct on his part at the time that he has been, is, or is about to be engaged in criminal conduct.
In State v. Saia, cited above, we invalidated a forcible stop, where the sole cause was that the accused came out of a suspect residence, without any other reason to believe that this particular defendant engaged in criminal conduct. In State v. Truss cited above, we held that the mere fact that an individual had a startled look when he saw the police and turned the other way, was not sufficient ground to stop and search him; we thus recognized the right of individuals in public places to be left alone and to avoid, if they wish, encounters with the police. See also State v. Finklea, 313 So.2d 224 (La.1975).
As we stated in State v. Saia, cited above, at 302 So.2d 873: "The police cannot approach citizens under circumstances that make it seem that some form of detention is imminent unless they have probable cause to arrest the individual or reasonable grounds to detain the individual under Terry v. Ohio, supra. Police officers cannot actively create `street encounters' unless they have knowledge of suspicious facts and circumstances sufficient to allow them to infringe on the suspect's right to be free from governmental interference."
(2)
The defendant contends that the police had no reasonable cause to make the investigatory stop here at issue (as a result of which they obtained the heroin). He argues, principally relying upon the principles set forth at the quoted language of Saia, that the police provoked a street encounter with him, which resulted in their obtaining the heroin.
The reasonable cause for the investigatory stop must be tested in the light of the *763 particular circumstances of the case. These show:
At about 9:00 p.m. in the evening, a police officer in his unmarked vehicle was maintaining a surveillance of an area in which robberies and purse-snatchings occurred nightly. He saw the defendant Cook, otherwise unknown to him, standing with his back against the corner of a building. Cook peeked surreptitiously around it several times, apparently looking at some pedestrians waiting some ten feet away (around the corner) at a bus stop.
When the defendant started walking up the street, the officer followed and overtook him by car. He had radioed other officers. When the other civilian-clothed officers got out of their car, displaying their badges, Cook commenced to walk away.
The policemen yelled, "Police, stop, police officers." Cook walked hurriedly into the street, behind the back of a pick-up truck stopped for a red-light.
He threw a scarf-wrapped package into the back of the truck. He then stopped and waited for the policemen. This occurred within two blocks of the original observation.
The policemen retrieved the package from the truck and found that it contained what appeared to be heroin. The officers therefore arrested Cook for possession of this illegal drug.
(3)
If the police had no legal right to stop Cook, then the heroin-package abandoned by him as the result of the illegal stop is constitutionally inadmissible. State v. Lawson, 256 La. 471, 236 So.2d 804 (1970). Likewise, if the drug was illegally obtained, the police had no probable cause to arrest him, since the probable cause must exist before the arrest, not afterwards. State v. Finklea, 313 So.2d 224 (La.1975).
When the first officer saw Cook acting suspiciously, he had the undoubted right to follow him and keep him under observation. The issue is whether this conduct also entitled the officer to stop him for reasonable cause"reasonable cause" being grounds for reasonable suspicion that Cook had been, was, or was about to be engaged in criminal conduct. If so, the policeman was entitled to stop Cook and ask of him "his name, address, and an explanation of his actions". La.C.Cr.P. art. 215.1 (quoted in footnote 1 above).
The suspicious conduct occurred at night in an area of nighttime robberies and purse-snatchings. The conduct in question was consistent with an intention to commit this type of crime. The officer was reasonably entitled at that time to question Cook and to make an investigatory stop or detention for that purpose.
We were initially troubled as to whether the reasonable cause persisted after Cook left the area of his suspicious conduct. Nevertheless, we conclude that, based upon such reasonable cause, the policemen were not unreasonable in requiring the investigatory stop of Cook as he left the scene but was still within a short distance of it.
Conclusion
We therefore find no error in the trial court's holding that the heroin was constitutionally seized, and was the product of an investigatory stop permitted by our state and federal constitutions. Accordingly, we affirm the conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
SANDERS, C.J., concurs in the result.
DIXON and DENNIS, JJ., concur.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice (concurring).
I concur. I find the situation here distinguishable from that in State v. Saia, 302 So.2d 869 (La.1974) because Cook's conduct *764 (i.e., repeatedly peering around a building and ducking back) on a street corner in a high crime area at night was sufficient justification for the police to stop him and question him about his activities. That the police chose not to take this course, but chose instead to follow him for a short distance before stopping him does not invalidate their action.
NOTES
[1] La.C.Cr.P. art. 215.1 provides:

"A. A law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or a misdemeanor and may demand of him his name, address and an explanation of his actions.
"B. When a law enforcement officer has stopped a person for questioning pursuant to this Article, and reasonably suspects that he is in danger of life or limb, he may search the outer clothing of such person for a dangerous weapon or for any other thing the possession of which may constitute a crime.
"C. If the law enforcement officer finds a dangerous weapon or any other thing the possession of which may constitute a crime, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person."