380 So.2d 1340 (1980)
STATE of Louisiana
v.
Helen FISHER.
No. 64872.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
*1341 James Miguez and Carl A. Leckband, Jr., Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Charles W. Richard, Evelyn Oubre, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Helen Fisher was charged by the grand jury in the same indictment with two separate counts of second degree murder in violation of La.R.S. 14:30.1. After trial by jury, defendant was found guilty as charged as to both counts and was sentenced on each conviction to imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of forty years. The court expressly directed that the sentences be *1342 served concurrently. On appeal, defendant relies on eight assignments of error for reversal of her convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying her motion to suppress her confession. She argues that her confession was not free and voluntary because of her depressed condition at the time it was made. She further argues that the trial judge improperly placed the burden of proving the voluntariness of her confession on her rather than the state.
Defendant's trailer was consumed by fire during the early morning hours of Sunday, October 29, 1978. The fire caused the deaths of her husband and son. Immediately after the fire, defendant was hospitalized and treated for smoke inhalation. The next day (Monday), she was released into police custody and during an interview with the police that afternoon she orally admitted setting the fire.
A suppression hearing was conducted prior to trial.[1] E. J. Welborn, district supervisor for the office of fire protection, Arthur Ogea and Harvey Boyd, both deputy sheriffs, testified that they were present at the time defendant's statement was taken. They stated that, after having been fully advised of her constitutional rights as well as that she was being investigated for murder, defendant admitted setting fire to the trailer by placing a cigarette in some towels in the bathroom. She indicated that she understood her rights and stated that she did not want an attorney. They stated that defendant was calm, alert and cognizant of her surroundings during the interview which lasted about fifteen to twenty minutes, although she did cry a bit toward the end of the interview. They further stated that defendant did not have any problem recalling facts at the time. Finally, while admitting she set the fire, she refused to give a written statement.
Defendant testified that, while she recalled leaving the hospital (about noon on Monday) and being transported to jail, she suffered a loss of memory from that time until that evening when she spoke to her attorney. She claimed to have no recollection of the interview with the police on Monday afternoon at which time she allegedly admitted setting the fire.
Dr. Gilles R. Morin testified that he examined defendant on February 3, 1979 (some three months after the confession) for the purpose of determining her mental capacity to proceed with trial. He found defendant to be depressed at that time. He stated that persons in such a condition, while hearing the words and being cognizant of their surroundings, would not understand their rights because of not caring about what was going on about them.
Dr. Harper F. Willis, Jr., testified at trial that he examined defendant on February 5, 1979, for the purpose of determining her mental capacity to proceed with trial. He found her to be in a state of grief over the deaths of her husband and son rather than depressed at that time. He stated that, while it was possible that a person in circumstances similar to those of defendant might not understand questions, if such a person was behaving in a "normal fashion without any kind of mental aberration," she would know what she was saying.
Dr. Michael E. Cormier testified at trial that he treated defendant for smoke inhalation during her stay at the hospital. He stated that at the time of her release on October 30, 1978 (same day defendant allegedly confessed), she was physically healthy, alert and oriented. Moreover, she understood his remarks, responded to questions and displayed no signs of visible grief; she was not crying or hysterical.
*1343 Before a confession may be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and was not made under the influence of fear, duress, intimidation, menaces, inducements or promises. La.R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be obtained by means of questions and answers. La.R.S. 15:453. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Hutto, 349 So.2d 318 (La.1977); State v. Adams, 347 So.2d 195 (La.1977); State v. Ross, 343 So.2d 722 (La. 1977).
In the instant case, although the trial judge misstated the law at the suppression hearing as to who had the burden of proving the voluntariness of the confession, he noted in a per curiam to this assigned error that the "[s]tate had met its burden of proof concerning the voluntary nature of all confessions made by the accused." After reviewing the record, we reach the same conclusion. Hence, the trial judge did not err in denying defendant's motion to suppress her confession.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying her motion for a continuance of the pretrial suppression hearing based on the absence of a witness.
On February 28, 1979, immediately prior to the commencement of the suppression hearing, defendant filed a motion for a continuance based on the absence of Dr. Harper F. Willis, Jr., a psychiatrist, who had examined defendant and had been subpoenaed to testify at the hearing.
Pretermitting consideration of whether defendant exercised due diligence in procuring Dr. Willis' attendance at the hearing (although the suppression hearing had been fixed twenty days in advance, defendant did not attempt to subpoena Dr. Willis until two days prior to the hearing), we do not find that defendant was prejudiced by the denial of the continuance. Dr. Gilles R. Morin, a qualified psychiatrist who examined defendant within days of Dr. Willis' examination of defendant, testified at the suppression hearing concerning defendant's depressed condition. The absent witness, Dr. Willis, testified at trial; his testimony was substantially the same as that of Dr. Morin. Moreover, we considered Dr. Willis' testimony in determining that the trial judge did not err in denying defendant's motion to suppress her confession (see discussion in Assignment of Error No. 1). Under the circumstances, we find no merit to this assigned error.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying her motions for a mistrial and a continuance for the failure of the state to timely inform her of an oral statement made by her to Deputy Scott Mount on June 26, 1978 (some four months prior to the crimes charged) despite her request for all inculpatory statements made by her. She argues that as a result she was unable to properly prepare for trial.
On January 5, 1979, defendant filed a motion requesting, inter alia, all oral inculpatory statements and/or admissions made by her. On February 21, 1979, defendant was notified that the state intended to offer in evidence an oral confession made by defendant on October 30, 1978. On March 8, 1979, defendant received notice that the state intended to offer in evidence other oral statements made by defendant. On March 13, 1979, just prior to opening statements, defendant received notice that the state intended to offer in evidence defendant's *1344 statement to Deputy Mount on June 26, 1978. A summary of the contents of the statement, written by Deputy Mount, was attached to the motion.
Defendant moved for a mistrial on the ground that she was prejudiced in her defense as a result of the state's failure to timely inform her of her statement to Deputy Mount on June 26, 1978. After argument, trial was recessed until the next day. On the following day (Wednesday, March 14, 1979), there was further argument on the motion for a mistrial which was denied by the trial judge. Thereafter, defendant moved for a continuance urging the same ground on which she had previously moved for a mistrial. Evidence was adduced relative to the prosecutor's knowledge of the statement and her decision to offer it in evidence at trial.
W. P. Hastings, Jr., an investigator for the district attorney's office, testified that he had been investigating the case for about five days; however, he did not learn of defendant's statement until Monday, March 12, 1979, at which time he was approached by Deputy Bob Fullington who informed him that another deputy knew of a statement made by defendant which might prove helpful at trial. Hastings stated that he was not advised of the content of the statement until Tuesday, March 13, 1979, at which time he spoke with Deputy Mount for the first time. He immediately advised the prosecutor of the statement.
Deputy Robert H. Fullington testified that Mount told him about the statement about one week prior to the hearing; however, it was not until Monday, March 12, 1979, that he told Hastings about the existence of the statement and that he would be contacted by Deputy Mount. Fullington stated that he did not inform Hastings of the content of the statement at that time as he was unaware of it.
Deputy Scott Mount testified that he first spoke to Hastings on Tuesday, March 13, 1979, at which time he informed him of defendant's statement to him on June 26, 1978, i. e., that he had gone to defendant's residence to investigate a disturbance and was told by defendant's husband that defendant was in a suicidal mood and had been threatening them; he spoke with defendant at the request of her husband; defendant threatened to harm herself and her family. Mount stated that he informed Fullington of the statement about a week prior to his testimony.
After hearing the evidence, the trial judge denied defendant's motion for a continuance.
La.Code Crim.P. art. 716(C) provides:
Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
La.Code Crim.P. art. 729.3 provides:
If, subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
La.Code Crim.P. art. 729.5(A) provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
*1345 In our view, the district attorney informed defendant of her statement to Deputy Mount on June 26, 1978, immediately upon coming into possession of it. It was not until this point that it could be said that the state intended to offer the statement in evidence at trial. We are convinced from the evidence that the district attorney was in good faith and had no knowledge of the statement prior to the time it was fully disclosed to defendant. Disclosure of the statement was made prior to the opening statements. Under the circumstances, we consider that the state substantially complied with La.Code Crim.P. arts. 716(C) and 729.3. Moreover, the trial was recessed until the next day after defendant had been informed of the statement. Hence, we are unable to say that the trial judge abused his discretion in failing to grant defendant's motion for a continuance or in ordering a mistrial on motion of defendant.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in refusing to allow her to withdraw her former plea of not guilty and enter a plea of not guilty and not guilty by reason of insanity.
Defendant entered a plea of not guilty and not guilty by reason of insanity at the arraignment on December 27, 1978. After a sanity hearing, defendant was found competent to stand trial. On March 12, 1979, prior to selection of the jury, defendant withdrew her plea of not guilty and not guilty by reason of insanity and entered a plea of not guilty. After the jury had been selected but prior to the time the first witness was sworn, defendant moved to withdraw her plea of not guilty and reinstate the plea of not guilty and not guilty by reason of insanity. Defendant's motion was made in response to receipt of notice from the state that it intended to offer in evidence a statement made by defendant containing a reference to her self-destruction. The motion was denied by the trial judge.
La.Code Crim.P. art. 561 provides that the defendant may withdraw a plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity" within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial. Under this article, the change of plea can be made only before commencement of trial. A jury trial commences when the first prospective juror is called for examination. La.Code Crim.P. art. 761. Since the jury had been impaneled at the time of defendant's motion to change her plea, the motion was properly denied as untimely because it was made after the commencement of trial. State v. George, 262 La. 409, 263 So.2d 339 (1972), vacated on other grounds, 411 U.S. 902, 93 S.Ct. 1532, 36 L.Ed.2d 303 (1973).
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in failing to prohibit the state from introducing into evidence her oral statement made to Deputy Scott Mount on June 26, 1978 (some four months prior to the crimes charged) because of its failure to timely disclose the statement to defendant despite her request for all inculpatory statements made by her. She also argues that at the time the statement was made, she was "unaware of and could not comprehend any rights given to her."
Defendant's first contention is substantially the same as disposed of under Assignment of Error No. 3. La.Code Crim.P. art. 729.5(A) provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter *1346 not disclosed, or enter such other order, other than dismissal, as may be appropriate.
In Assignment of Error No. 3, in finding that the state had substantially complied with La.Code Crim.P. arts. 716(C) and 729.3, we concluded that the trial judge did not abuse his discretion in failing to grant defendant's motion for a continuance or in ordering a mistrial on motion of defendant. For the same reasons assigned therein, we do not consider that the trial judge abused his discretion in failing to prohibit the state from introducing into evidence the statement made by defendant to Deputy Mount on June 26, 1978.
Next, we find no merit to defendant's contention that she was "unaware of and did not comprehend any rights given to her" at the time the statement in question was made. Miranda warnings required by the United States Supreme Court do not come into play until the accused is subject to custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At the time the statement was made, defendant was conversing with Deputy Mount in her own home; he had been called there to investigate a disturbance and was speaking with defendant at her husband's request. Clearly, she was not subject to "custodial interrogation" at the time the statement was made. Hence, defendant had no right to be informed of her constitutional rights. State v. Berain, 360 So.2d 822 (La.1978).
In sum, Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in denying her motion for a mistrial because of the state's failure to inform her of the substance of a statement made by her to Deputy Robert Fullington on October 29, 1978, despite her request for all inculpatory statements.
On January 5, 1979, defendant filed a motion requesting, inter alia, all oral statements and/or admissions made by her. On March 8, 1979, defendant was notified by the state of its intent to offer in evidence defendant's statement made on October 29, 1978, to Deputy Fullington but the substance of the statement was not disclosed. Trial of the matter was held on March 12-16, 1979.
The statement was admitted in evidence during the testimony of Deputy Fullington. He testified that he was called to defendant's residence (trailer) on October 29, 1978, at 12:20 a. m. (approximately one hour before the fire) to investigate a report of a prowler. Defendant told him that she had observed a prowler setting fire outside her trailer. He searched the area but, finding no one, left the scene. At 1:19 a.m., Fullington responded to a report that defendant's trailer was on fire. He approached defendant, who was outside the trailer, because she was "hollering" and seemed to want to go toward the trailer. As he approached defendant, she held her hands in front of her face and said, "See, I told you you would be sorry."
Defendant moved for a mistrial on the ground that the state had failed to inform her of the substance of the statement despite her request for all inculpatory statements made by her. The trial judge denied the motion for a mistrial.
La.Code Crim.P. art. 716(C) provides:
Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
La.Code Crim.P. art. 729.5(A) provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing *1347 into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
The district attorney should have informed defendant of the substance of the oral statement made by her to Deputy Fullington on October 29, 1978, in response to her motion. Instead, on March 8, 1979, the state only notified defendant of its intent to offer in evidence her statement to Deputy Fullington on October 29, 1978. Notwithstanding her status as the moving party in connection with the discovery motion, defendant did not provoke a hearing at which the trial court could have been called upon to judge the sufficiency of the state's response. Defendant's inaction effectively deprived the trial judge of an opportunity to make a ruling which would have prevented the commission of error. Hence, defendant waived her right to be afforded any relief on appeal. State v. Bonanno, 373 So.2d 1284 (La.1979).

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in admitting evidence concerning events subsequent to her arrest because of the failure of the state to establish probable cause for her arrest.
Deputy Robert Fullington testified that he arrested defendant on October 29, 1978. Defendant objected to any further testimony in the trial on the ground that no probable cause for the arrest had been established. The objection was overruled.
The state controls the order in which its evidence is presented. See La.Code Crim.P. arts. 765(5) and 773. The proper procedural vehicle for defendant to raise the issue of whether the state has proven its case as required by law in a jury trial is by a motion for a new trial. State v. Jackson, 344 So.2d 961 (La.1977). Accordingly, the trial judge properly overruled defendant's objection.
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in denying her motion for a new trial grounded on the claim that the verdict was contrary to the law and evidence.
Our review of the record before us reveals ample evidence to support the verdicts. Defendant confessed to setting the fire which resulted in the deaths of her husband and son by placing a cigarette in some towels in a bathroom of the trailer. E. J. Welborn, district supervisor for the office of fire protection, testified that in his opinion the fire originated in the same location (bathroom) specified by defendant as the place where she set the fire. Hence, we find substantial evidence from which the jury could have found defendant guilty of the crimes charged.
Assignment of Error No. 8 is without merit.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
DIXON, J., concurs, disagreeing with Assignment # 6.
NOTES
[1] In determining whether the ruling on defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. State v. Chopin, 372 So.2d 1222 (La.1979); State v. Schmidt, 359 So.2d 133 (La.1978); State v. Stewart, 357 So.2d 1111 (La.1978); State v. Shivers, 346 So.2d 657 (La.1977); State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967). We have reviewed the pertinent evidence given at the trial of the instant case.