410 So.2d 745 (1982)
STATE of Louisiana
v.
Jessica BEALS.
No. 81-KA-1497.
Supreme Court of Louisiana.
January 29, 1982.
Concurring Opinion March 19, 1982.
*746 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Richard Chaffin, Asst. Dist. Attys., for plaintiff-appellee.
Frank J. Gremillion, Baton Rouge, for defendant-appellant.
PIKE HALL, Jr., Justice Ad Hoc[*].
Defendant, Jessica Beals, was charged by bill of information with possession of a controlled dangerous substance (Hydromorphone a/k/a Dilaudid) in violation of LSA-R.S. 40:967(C). The defendant pled not guilty and waived her right to a jury trial. By agreement defendant's oral motion to suppress evidence was to be submitted to the court for decision on the evidence presented by the state in its case in chief. At the conclusion of the state's case the trial court denied the motion to suppress and after hearing the defendant's evidence found the defendant guilty as charged. A sentence of three years at hard labor with credit for time served was imposed.
On appeal defendant urges one assignment of error: that the trial court erred in denying the defendant's motion to suppress items of physical evidence, namely, the Dilaudid pills forming the basis of the charge, as the result of an illegal and unreasonable search. The defendant contends that a warrant issued to search premises for narcotics did not authorize the search of defendant's person merely because she was on the premises. Defendant contends that the *747 search exceeds the constitutionally permissible scope of a warrant for the search of premises as established in Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979).
The state contends that a warrant for the search of a person's residence for narcotics authorizes the detention and search of the resident of the premises during the search of the residence for contraband. Alternatively, the state contends that the defendant was under arrest at the time of the search and the search was incident to a lawful arrest.
The evidence presented by the state at the trial discloses the following facts. On February 26, 1979, officers of the East Baton Rouge Parish Sheriff's Department obtained a search warrant authorizing a search of the residence located at 1861 Missouri Street, Baton Rouge, Louisiana, for controlled dangerous substances. The application for the search warrant (after establishing the credibility and reliability of the confidential informant of which no issue is made on appeal) states that on February 23, 1979 the informant observed another person who was with him purchase two pink tablets at the premises and that during the transaction the occupant of the premises described the tablets as "ludes." The informant also observed a quantity of preludin tablets on a table in the residence. The affidavit further states that in December 1978 agents of the East Baton Rouge Parish Sheriff's Office, Narcotics Division, executed a search warrant at the residence and found preludin, valium, and marijuana there.
A deputy sheriff testified that he was one of ten deputies who executed the search warrant in this case. When the officers entered the house there were present the defendant, Lilly Mae Cummings, and Joshua Miles. The deputy searched Miles and found a plastic baggie suspected to contain marijuana in his sock. Another deputy conducted a search of the defendant. The deputy retrieved a napkin-like package containing 11 Dilaudid tablets from the front pocket of the jeans defendant was wearing.
After the state had rested and defendant's motion to suppress had been denied, it was established during the course of defendant's case by her own testimony that she was the sole resident of the premises.
Defendant contends that since the state failed to present evidence that defendant resided in the house during the hearing on the motion to suppress (the state's case in chief) that fact should not be considered by this court in reviewing the correctness of the denial of the motion to suppress.
It is well established that in determining whether the ruling on a defendant's motion to suppress is correct, this court is not limited to the evidence adduced at the hearing on the motion but may consider all pertinent evidence given at the trial of the case. State v. Fisher, 380 So.2d 1340 (La. 1980); State v. Chopin, 372 So.2d 1222 (La. 1979); State v. Schmidt, 359 So.2d 133 (La. 1978); State v. Stewart, 357 So.2d 1111 (La.1978); State v. Shivers, 346 So.2d 657 (La.1977); State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967). Accordingly, we have taken into consideration the fact that defendant was the resident of the premises named in the search warrant.[1]
The critical issue in this case is whether the action of the law enforcement officers in searching the outer clothing of the defendant was reasonably within the scope of the warrant authorizing the search for contraband of the residence premises in which the defendant resided. We answer *748 in the affirmative. Contrary to defendant's argument, Ybarra v. Illinois, supra, does not mandate a different conclusion.
In Ybarra, a warrant was issued authorizing the search of a small bar for contraband and the search of the person of the bartender. During the search of the bar the officers also searched the person of Ybarra, a patron of the bar, and found contraband on his person. Treating the search of the patron as a warrantless search the court found an absence of probable cause and concluded that the search of Ybarra and the seizure of what was in his pocket contravened the Fourth and Fourteenth Amendments. In the course of its opinion the court emphasized that the complaint for the search warrant did not allege that the bar was frequented by persons illegally purchasing drugs and did not state that the informant had ever seen a patron of the tavern purchase drugs, nor did the complaint even mention the patrons of the tavern. Although the warrant gave officers authority to search the premises and to search the bartender, it gave them no authority whatever to invade the constitutional protections possessed individually by the tavern's customers.
In a more recent case the United States Supreme Court determined that a warrant to search premises for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Since detention or seizure of the person was the dispositive issue in Michigan v. Summers, the court found "no need to reach the question whether a search warrant for premises includes the right to search persons found there...." Commenting on Ybarra, the court noted that "the search of Ybarra was invalid because the police had no reason to believe he had any special connection with the premises and the police had no other basis for suspecting that he was armed or in possession of contraband."
In State v. MacDonald, 390 So.2d 1276 (La.1980), decided after Ybarra, this court upheld as reasonable the search of a person who entered a trailer being searched pursuant to a valid search warrant where that person had been named by the confidential informant on whose information the search warrant was issued as a possessor of some of the trailer owner's drugs. The court noted that the police had sufficient articulable knowledge of particular facts to justify their detention and search of the defendant.
In the instant case the affidavit of probable cause on which the search warrant was based discloses information from the confidential informant that the occupant of the residence premises had been seen engaged in a drug transaction on the premises, drugs were observed on a table in the premises, and the affidavit further stated that drugs had previously been found during a prior search of the premises. There were articulable particular facts justifying the officers' detention and search of the resident of the premises. The officers had reason to believe the defendant resident had a special connection with the premises and that she was in possession of contraband.
In Michigan v. Summers, supra, it was noted that a "neutral and detached magistrate had found probable cause to believe that the law was being violated in that house and had authorized a substantial invasion of the privacy of the persons who resided there." Such is true in the instant case. The intrusion into defendant's home authorized by the warrant was a substantial intrusion of her privacy, which had been duly authorized based on probable cause. The search of defendant's outer clothing which she was wearing is not a great deal more intrusive than the search of personal belongings and areas throughout the house.
Our specific but narrow holding under the facts and circumstances of this case is that where a warrant to search a residence for contraband is issued on probable cause based on information that the occupant of the residence participated in the sale of drugs at the residence three days prior to the issuance of the warrant, the reasonable scope of the warrant extends to a search of the pockets of the outer clothing of the *749 resident of the premises who is on the premises at the time it is searched.
Ybarra notes that the Fourth and Fourteenth Amendments protect the "legitimate expectations of privacy of persons, not places." It is equally true that crimes are committed by persons, not places. A warrant to search a place based on probable cause information that the resident of that place has committed or is committing a crime in that place authorizes the search of the resident as reasonably and necessarily within the scope of the warrant.
The conviction and sentence of the defendant are affirmed.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
Because the officers executing the warrant knew defendant was a resident of 1861 Missouri Street, and because they had probable cause to believe drugs were being sold on the premises, they had probable cause to seize her and to search her person when they discovered her on the premises at the time of executing the warrant. See Cupp v. Murphy, 412 U.S. 219, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1972).
The testimony at the motion to suppress does not establish that the officers knew at the time of executing the warrant that defendant resided at 1861 Missouri Street. However, Officer Fourrier had testified at the preliminary examination that he knew this fact prior to the execution of the search warrant because of his previous contact with defendant at that address, and the search warrant affidavit asserts that the officers had seized preludin there two months earlier.
In reviewing the trial court's judgment on the motion to suppress, this court should consider those facts established before the trial court at the earlier preliminary examination. Since the prosecution established in this record, prior to the beginning of trial, the fact that Officer Fourrier knew when he conducted the search that defendant was a resident of 1861 Missouri Street, it is not necessary to refer to defendant's own testimony at trial to establish the fact of her residence there.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin, and Jasper E. Jones of the Court of Appeal, Second Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] We have not, however, considered the testimony given at the preliminary examination in this case at which hearing the facts surrounding the execution of the search warrant were much more extensively developed. Testimony given at a preliminary examination may under certain circumstances be introduced into evidence in subsequent proceedings. LSA-C. Cr.P. Art. 295. In this case, however, there was no effort to introduce the testimony given at the preliminary examination into evidence at the motion to suppress hearing or trial and the circumstances under which such testimony could be introduced were not established to exist.