408 So.2d 1295 (1982)
STATE of Louisiana
v.
William CLAY.
No. 81-KA-1642.
Supreme Court of Louisiana.
January 25, 1982.
*1297 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., J. Michael McDonald, Kay Kirkpatrick, Joseph Lotwick, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet, Frank J. Saia, David Randall Buckley, Jeff Hollingsworth, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.[*]
William Clay was arrested and charged with possession of marijuana with intent to distribute, a violation of R.S. 40:967(C). After a twelve man jury found Clay guilty as charged, he was sentenced by the trial court to serve ten years at hard labor. Defendant appeals his conviction and sentence, raising four assignments of error. We find that none of these assignments have merit and affirm defendant's conviction and sentence.
Narcotics investigators for the East Baton Rouge Parish District Attorney's Office and several police officers executed a "no-knock" search warrant at defendant's Baton Rouge apartment. Upon entering the residence, the law enforcement officers found Clay and another individual seated in the living room. A "brick" of what appeared to be hashish was observed lying on the coffee table. Further, nineteen individually wrapped chunks of hashish were recovered from a brown metal box located in defendant's bedroom.

Assignment of Error Number 1
By this assignment of error defendant urges that the trial court erred when it *1298 allowed witnesses for the state to testify as to the amount of hashish consistent with personal use. Clay contends that this testimony, which the state relied upon to establish his intent to distribute marijuana, went beyond the competency of these witnesses because the state failed to lay the proper foundation as to the source of their information.
Eddie Stewart, one of the narcotics investigators who participated in the execution of the search warrant, testified at trial about the contraband seized at defendant's apartment. This witness stated that he has been involved in narcotics investigations for over two years and has participated in over 100 cases involving either marijuana or hashish. Stewart received his basic training in drug identification and usage when he was a Baton Rouge City Policeman and has attended two Federal Drug Enforcement Administration schools where he was taught how to properly identify drugs and how to conduct a narcotics investigation. Further, Stewart testified that he presently lectures about drugs and possesses a drug display kit containing samples of marijuana, hashish and drug paraphernalia.
When the prosecution questioned Stewart about the normal usage of hashish by a regular user, Clay's attorney objected claiming the state had failed to lay the proper foundation. After the trial judge sustained the objection, Stewart was asked, "How do the users that you've come into contact with use hashish?" The witness responded that "they use a small portion, probably less than a gram." An objection by defense counsel to Stewart's response was overruled by the trial judge.
Detective Stanley Bihm, a narcotics agent with the Baton Rouge City Police who was present during the search of Clay's apartment, also gave testimony concerning his experience concerning the amount of hashish usually consumed by a single individual.
It was established, outside the presence of the jury, that Bihm has been involved in numerous drug related arrests during his 1½ years as a narcotics officer and has received special training from the Drug Enforcement Administration on two separate occasions. After the jury returned, Officer Bihm attempted to describe the quantities of hashish in the possession of those individuals he has arrested. Defense counsel objected to this inquiry, but was again overruled by the court.
The general rule is that lay witnesses can testify only as to facts within their personal knowledge. R.S. 15:463. Individuals possessing special training or experience may give their opinion on questions requiring special knowledge as long as they state the facts upon which their opinion is based. R.S. 15:464, 465.
A review of the record discloses that the trial judge did not permit the two law enforcement officers to testify on matters beyond their personal experience. When the prosecution inquired as to what quantity of hashish a normal user might consume, the trial court sustained an objection by defense counsel. However, the judge did permit testimony concerning consumption by hashish users with whom the witnesses had personal contact. Thus, it is apparent that the trial judge properly limited the responses of these witnesses to facts based on their personal experience and knowledge. R.S. 15:463; State v. Boyd, 359 So.2d 931 (La.1978).
Assuming arguendo that the testimony of these witnesses did constitute their opinion on the subject, such testimony was properly admitted by the trial court. In State v. Stewart, 357 So.2d 1111 (La.1978), a police officer was allowed to testify, after stating his training and experience, as to how many cigarettes could be made from a pound of marijuana. This Court upheld the admissibility of the officer's statement, concluding that:
"In the instant case, our review of the record convinces us that Sergeant Wellbrink *1299 possessed sufficient special training and experience in the field of marijuana to express an opinion in that field. He also stated the facts upon which his opinion was based. Hence, the trial judge properly permitted him to express an opinion as to the number of cigarettes that could be produced from one pound of marijuana."
Similarly, we are of the opinion that the extensive training and numerous drug investigations personally conducted by Stewart and Bihm were more than sufficient to allow them to testify as to the amount of hashish normally consumed by individuals with whom they had dealt in the past.

Assignment of Error Number 2
During his testimony, Officer Bihm referred to how hashish is packaged and how it is normally consumed. Clay argues that this testimony was based on hearsay and should have been excluded by the trial court. However, it is well established that a witness may draw natural inferences from facts personally observed by him. State v. Stewart, supra; State v. Clark, 340 So.2d 1302 (La.1976). Before Bihm testified concerning the packaging and consumption of hashish, the state established that this witness had been involved in nearly thirty hashish related arrests. Further, it is clear that the state's inquiries as to packaging and consumption required responses that were limited to Bihm's personal observations. Accordingly, this assignment of error lacks merit.

Assignment of Error Number 3
In the instant case, the search of Clay's apartment was conducted after the law enforcement officers had procured a search warrant. This warrant was supported by the affidavit of Investigator Stewart and consisted solely of hearsay information supplied by an informant.
In the present assignment of error, defendant urges that the affidavit supporting the search warrant failed to provide a factual basis to find the informant and his statement to be reliable. Thus, Clay contends that because the affidavit was inadequate, the warrant was defective and the contraband seized at defendant's residence should have been suppressed.
It is well settled that an affidavit in support of a warrant may be based upon hearsay as long as it sets forth the underlying circumstances which provide a substantial factual basis by which the magistrate can find both the informant and the information provided by the informant to be reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Tomasetti, 381 So.2d 420 (La.1980).
Though the affidavit does not contain an averment of previous reliability, such a statement is not a prerequisite to a finding of reliability. State v. Mena, 399 So.2d 149 (La.1981); State v. Cook, 404 So.2d 1210 (La.1981). Affidavits must be read in a commonsense and realistic manner, State v. Cook, supra; State v. Richards, 357 So.2d 1128 (La.1978), and the magistrate's judgment should be based on a reading of the entire affidavit. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); State v. Richards, supra.
In the instant case, Eddie Stewart stated in the affidavit that his informer was named Larry Kinney, that he personally knew Kinney, the parish of Kinney's employment and the named informant's residential address. The affidavit also stated that the defendant, while at his apartment, told Kinney that he possessed a large quantity of hashish and showed Kinney a "brick" of greenish brown material. Further, the named informant described the brick as being "wet and sticky" in appearance and stated that it was wrapped "in transparent paper with a stamp on it" which "consisted of a blue airplane with the word Lebanon."
*1300 Based on all of the recited facts, we are of the opinion that the "direct personal observation" by the informant, State v. Paciera, 290 So.2d 681 (La.1974), coupled with the affidavit's disclosure of the informant's name, address and Stewart's personal knowledge of this individual, sufficiently established that the named informant was credible and his information was reliable.

Assignment of Error Number 4
By this assignment of error, Clay contends that the trial court erred in imposing an excessive sentence. After his conviction, defendant was ordered to serve ten years at hard labor, the maximum sentence the judge could have imposed for a violation of R.S. 40:967(C).
Under C.Cr.P. art. 894.1, the trial judge must state for the record the considerations taken into account and the factual basis for his conclusions in imposing sentence in order to insure that each sentence imposed is individualized to the offender as well as to the offense. See State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Bourgeois, 406 So.2d 550 (La.1981).
At the sentencing hearing, the trial judge noted that Clay had been convicted of possession of marijuana with intent to distribute in 1979. For that offense, which involved over six pounds of marijuana, defendant was placed on supervised probation for a three year period. The judge also recognized that defendant was a man of intelligence and skill and had received an honorable discharge from the armed forces. Further, the court noted that Clay was peddling contraband for a profit. Because Clay was on probation for the same offense, the court concluded that a lesser sentence would deprecate the seriousness of the crime. Concluding that there were no mitigating circumstances present, the trial judge imposed the maximum penalty.
Our review of the reasons given in imposing sentence leads us to conclude that the trial judge adequately complied with
C.Cr.P. art. 894.1 and did not abuse his discretion. Accordingly, the conviction and sentence of William Clay are affirmed.
AFFIRMED.
NOTES
[*] Judges Pike Hall, Jr., Charles A. Marvin and Jasper E. Jones of the Second Circuit Court of Appeal participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.