542 So.2d 592 (1989)
STATE of Louisiana
v.
Michael PETERS.
No. 88 KA 1094.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Ralph Tureau, Gonzales, for plaintiff/appellee State of La.
Richard Chaffin, Baton Rouge, for defendant/appellant Michael Peters.
Before CARTER, LANIER and LeBLANC, JJ.
*593 CARTER, Judge.
The defendant, Michael Peters, was charged in two separate bills of information with simple burglary, in violation of LSA-R.S. 14:62. Initially, he pled not guilty and filed a motion to suppress oral statements and physical evidence. The motion to suppress was filed on behalf of the defendant and his brother, Jerry Peters, who had also been charged with these same burglaries. After a hearing, the trial court denied the motion to suppress statements and physical evidence as to both Michael and Jerry Peters. Subsequently, Michael Peters entered guilty pleas to both simple burglaries pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the trial court's denial of the motion to suppress. In exchange for these two guilty pleas, the State agreed that it would not institute criminal proceedings against the defendant for his involvement in a simple burglary in Ascension Parish. It was further agreed that the defendant would receive two concurrent sentences of four years at hard labor for these convictions and that these sentences would also run concurrently with any sentences imposed as a result of convictions in East Baton Rouge Parish. Thereafter, Michael Peters was sentenced in accordance with the plea bargain. Michael Peters has appealed,[1] alleging two assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to suppress oral statements.
2. The trial court erred in denying the defendant's motion to suppress physical evidence.
Shortly after midnight on October 22, 1986, Jerry and Michael Peters were arrested at a police roadblock near the intersection of Airline Highway and Sherwood Forest Boulevard in Baton Rouge. They had just burglarized a company in Ascension Parish and were proceeding to Baton Rouge in Michael's truck. Their actions were being monitored by an electronic tracking device which the authorities had installed in Michael's truck approximately seven days earlier. Although the suspects were apparently unarmed, the authorities fired at the truck numerous times before the suspects were arrested. Michael Peters was wounded in the back of the head and in the hand and was taken to a local hospital. Jerry Peters was not wounded.
Later that morning, Jerry Peters confessed to his and Michael's involvement in numerous burglaries in East Baton Rouge and Ascension Parishes. Approximately two days later, Michael was released from the hospital and was questioned by the authorities in East Baton Rouge Parish. After conferring with Jerry about alleged "deals" which had been made in exchange for their cooperation, Michael also made inculpatory statements. Several days later, Michael and Jerry Peters were transported to Ascension Parish and were questioned by the Gonzales Police and the Ascension Parish Sheriff's Department about various burglaries in Ascension Parish. Jerry Peters again advised Michael that he had made a deal with the authorities and that Michael should cooperate. Both Jerry and Michael Peters confessed to some of the Ascension Parish burglaries and aided the authorities in recovering an expensive rifle taken in one of the burglaries.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
In these assignments of error, the defendant, Michael Peters, contends that the trial court erred in denying the instant motion to suppress confessions and physical evidence. Jerry and Michael Peters filed a joint motion to suppress confessions and physical evidence in Ascension Parish. The hearing on this motion was held on August 18, 1987. The trial court denied the motion with respect to both Jerry and Michael Peters.
While Michael was in the hospital, Jerry Peters confessed to numerous East Baton Rouge and Ascension Parish burglaries. Subsequently, a joint motion to suppress *594 statements and physical evidence was filed by Jerry and Michael Peters in East Baton Rouge Parish. After several hearings, the trial court denied the motion. Because inculpatory statements were allegedly made by both Jerry and Michael Peters in East Baton Rouge and Ascension Parishes, the transcripts of the East Baton Rouge Parish motion to suppress hearings were introduced into evidence at the instant (Ascension Parish) motion to suppress hearing.
In order for a confession to be admissible into evidence, it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. LSA-R.S. 15:451. Confessions obtained by any direct or implied promises, however slight, or by the exertion of any improper influence are involuntary and inadmissible as a matter of constitutional law. The State has the burden of affirmatively proving the confession was free and voluntary. Therefore, if the defendant alleges police misconduct in eliciting a confession, it is incumbent upon the State to rebut these allegations specifically. State v. Welch, 448 So. 2d 705 (La.App. 1st Cir.1984), writ denied, 450 So.2d 952 (La.1984).
The admissibility of a confession is in the first instance a question for the trial court. Its conclusions on the credibility and weight of testimony relating to the voluntariness of the confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Horton, 479 So.2d 528 (La.App. 1st Cir.1985), writ denied, 493 So.2d 1215 (La.1986).
At the instant motion to suppress hearing, Michael Peters denied making any incriminating statements, either in East Baton Rouge Parish or Ascension Parish. Instead, he explained: "Whatever Jerry told me I went along with that...." He also explained that he had amnesia as a result of the gunshot wound to his head and did not remember anything about the Ascension Parish burglaries. It was agreed by all of the law enforcement officers who testified, as well as Jerry Peters, that Jerry did most of the talking and Michael followed Jerry's lead. However, both East Baton Rouge Parish and Ascension Parish law enforcement officers testified that the defendant did make incriminating statements about the burglaries. Furthermore, Jerry and Michael Peters also accompanied Ascension Parish law enforcement officers to a wooded area where a rifle which had been taken in the burglary of Philippe's Automotive, Incorporated, was recovered.
At both the East Baton Rouge Parish and Ascension Parish motion to suppress hearings, Jerry Peters testified that he "struck a deal" about "federal time" with Captain Bud Connors of the East Baton Rouge Parish Sheriff's Department. On the night of his arrest, after learning from the hospital that Michael was not severely wounded, Jerry Peters began to express concern for his safety if incarcerated in Angola. He was also concerned for Michael's safety and wanted to include him in any deal involving "federal time." Jerry Peters had been an informant for the F.B.I., the Louisiana State Police, and the East Baton Rouge Parish Sheriff's Department. He was convinced that he would have to be offered federal protection or be placed in a federal penitentiary in order to survive. He testified that, in exchange for his cooperation in confessing to the East Baton Rouge Parish and Ascension Parish burglaries and aiding in the recovery of property taken during those burglaries, Captain Connors promised him federal protection or at least placement in a federal penitentiary rather than Angola. Jerry Peters testified that this deal with Captain Connors included Michael. Jerry Peters also testified that he explained to the Ascension Parish authorities the deal which he had made with Captain Connors and that he subsequently made a deal with the Ascension Parish authorities that any sentences imposed as a result of Ascension Parish convictions would be imposed concurrently to any sentences imposed for East Baton Rouge Parish convictions.
Captain Connors testified at both the East Baton Rouge Parish and Ascension Parish motion to suppress hearings. Captain *595 Connors agreed with Jerry Peters' observation that, because he had been an informant, he probably would not live very long if incarcerated in Angola. Yet, Captain Connors testified that, although Jerry Peters insisted on a deal after his arrest, he did not enter into such a deal with him. Captain Connors testified that he informed Jerry Peters that he could not make such a promise and that a person of Jerry's experience should know that he could not do so. Captain Connors specifically testified that, on several occasions before Jerry confessed, he stated that he could not make any promises and that only the federal authorities could make a deal involving federal protection and/or incarceration in a federal penitentiary. However, Captain Connors did testify that, in exchange for Jerry's cooperation in confessing to the burglaries and assisting in the recovery of stolen property, he told Jerry that he would speak to the F.B.I. and the assistant U.S. Attorney on behalf of Jerry and Michael and explain to them Jerry's past cooperation as an informer.
There is no doubt that Jerry and Michael Peters cooperated with the authorities in both East Baton Rouge Parish and Ascension Parish by confessing to numerous burglaries and disclosing the whereabouts of stolen property. The only question is whether or not Jerry was induced to cooperate by guarantees of federal protection or "federal time" from Captain Connors in East Baton Rouge Parish and/or promised concurrent sentences from the Ascension Parish authorities. In his brief to this Court, the defendant complains that his incriminating statements made during questioning should be suppressed because of the above inducements and/or promises made to Jerry, which Jerry subsequently communicated to him.
Both motions to suppress filed in East Baton Rouge Parish and Ascension Parish were denied with respect to Jerry Peters. In any event, even if Jerry Peters' confessions had been rendered inadmissible because of such promises or inducements, the defendant has no standing to assert such a position in this case. A person adversely affected by a confession unlawfully obtained from another has no standing to raise its illegality in court. See State v. Burdgess, 434 So.2d 1062 (La. 1983).
The defendant also contends in brief that the alleged promises made to Jerry Peters (in both East Baton Rouge Parish and Ascension Parish) were subsequently verified by law enforcement officers in the defendant's presence. As noted above, however, Captain Connors denied making any deals with Jerry Peters or Michael Peters in his testimony at both the East Baton Rouge Parish and Ascension Parish motion to suppress hearings. Furthermore, Sgt. Bill Landry of the Gonzales Police Department and Chief Deputy Murphy Painter of the Ascension Parish Sheriff's Department both testified at the Ascension Parish motion to suppress hearing that they made no promises to Jerry or Michael Peters in exchange for their cooperation. Chief Deputy Painter stated that, after Jerry and Michael Peters had confessed to the burglaries in Ascension Parish, Jerry related that he had made a deal with the authorities in East Baton Rouge Parish. He asked about the possibility of concurrent sentences in Ascension Parish, and Chief Deputy Painter replied that he could not make such a promise but would speak to the District Attorney's Office and inform them that the Peters had cooperated by confessing to the burglaries and helping to recover stolen property. This testimony indicates that the possibility of concurrent sentences and discussions on this basis with the District Attorney's Office would not have been an inducement for Jerry and/or Michael Peters to confess in Ascension Parish because the subject did not arise until after they had confessed to the burglaries. Moreover, even if there was a statement made by the law enforcement officers prior to the confessions that they would relate to the District Attorney's Office the fact that the Peters had cooperated, such a statement is not a sufficient inducement to render a subsequent confession inadmissible. State v. Jackson, 414 So.2d 310 (La.1982); State v. Dison, 396 So.2d 1254 (La.1981).
At both the East Baton Rouge Parish and Ascension Parish motion to suppress *596 hearings, all of the allegations made by Jerry and Michael Peters about promises of federal protection, federal time, and concurrent sentences were specifically rebutted by the law enforcement officers who testified. In the instant case, the trial court observed the appearance and demeanor of the witnesses, and his ruling reflects that he accepted as credible the testimony of the law enforcement officers and rejected as unworthy of belief the testimony of Jerry and Michael Peters. After a careful review of the record, we conclude that the trial court did not err in denying the instant motion to suppress inculpatory statements and physical evidence.[2]
For the above reasons, these assignments of error are meritless.
Accordingly, defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] The instant record does not indicate whether or not Jerry Peters was convicted of these offenses.
[2] On March 10, 1988, eight months after its ruling denying the East Baton Rouge Parish motion to suppress and seven months after the instant ruling denying the Ascension Parish motion to suppress, the East Baton Rouge Parish trial court reversed its ruling on the motion to suppress with respect to Michael Peters only. The trial court indicated that it had erred in denying the motion to suppress as to Michael Peters because the State had failed to prove that Michael Peters had made any statements freely and voluntarily. In fact, there was no evidence at the hearing about statements made in East Baton Rouge Parish by Michael Peters. Almost all of the testimony at the East Baton Rouge Parish motion to suppress hearings related to Jerry Peters. The prosecutor explained that, at the time, he was not informed that Michael Peters had made incriminating statements in East Baton Rouge Parish and, for this reason, he did not present evidence about such statements at the motion to suppress hearings. Nevertheless, in the Ascension Parish motion to suppress hearing, as noted above, there was specific testimony from the law enforcement officers that Michael Peters had made incriminating statements and that he had not been promised anything or induced in any manner. Therefore, this new ruling granting the East Baton Rouge Parish motion to suppress with respect to Michael Peters has no effect on the instant case.