610 So.2d 908 (1992)
STATE of Louisiana,
v.
Huey Thomas BEACH.
Nos. 91 KA 1708, 91 KA 1709.
Court of Appeal of Louisiana, First Circuit.
November 20, 1992.
*910 Jason Lyons, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of LA.
William Dunckelman, Indigent Defender, Houma, for defendant and appellant, Huey T. Beach.
*911 Before LOTTINGER, C.J., FOIL, J., and COVINGTON,[*] J. Pro Tem.
LOTTINGER, Chief Judge.
The defendant, Huey Thomas Beach, was charged by bill of information with the following: Count 1distribution of cocaine, in violation of La.R.S. 40:967 A(1); Count 2possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1; Count 3possession of cocaine, in violation of La.R.S. 40:967 C; and Count 4possession of marijuana with intent to distribute, in violation of La.R.S. 40:966 A. The defendant pleaded not guilty. Immediately before trial, Counts 2 and 3 were nol-prossed, and Count 4 was renumbered as Count 2.[1] After trial by jury, the defendant was found guilty as charged on both counts. Thereafter, the State filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a second felony habitual offender. For the distribution of cocaine conviction, the defendant received a sentence of forty-five years at hard labor. For his conviction of possession of marijuana with intent to distribute, the defendant received a concurrent sentence of forty years at hard labor. The defendant has appealed, alleging ten assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to suppress physical evidence.
2. The trial court erred in allowing State Exhibit 1 to be admitted into evidence.
3. The trial court erred in allowing State Exhibit 4 to be admitted into evidence.
4. The trial court erred in allowing State Exhibits 5 and 6 to be admitted into evidence.
5. The trial court erred in permitting the State's representative, Cmdr. Louis Hyatt, to testify after listening to the testimony of Lt. Willard Bunch.
6. The trial court erred in allowing State Exhibits 7, 8, 9, 10, and 11 to be admitted into evidence.
7. The trial court erred in denying the defendant's motion for new trial.
8. The trial court erred in denying the defendant's motion for post-verdict judgment of acquittal.
9. The trial court erred in adjudicating the defendant a second felony habitual offender.
10. The trial court erred in imposing excessive sentences.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
On April 19, 1989, Commander Louis Hyatt of the Terrebonne Parish Narcotics Strike Force learned from a confidential informant operating at Tommy's Lounge on Main Street in Houma, Louisiana, that Lisa and Theresa Feeback had informed the confidential informant that they could arrange a cocaine transaction. Commander *912 Hyatt gave the confidential informant $100.00 for the purpose of purchasing cocaine from the Feeback sisters. When the Feeback sisters left the lounge in their vehicle, the confidential informant told Hyatt that the Feeback sisters were leaving to obtain some cocaine and would return to the lounge shortly thereafter. Hyatt followed them to the defendant's apartment and observed them enter. A few minutes later, they exited the defendant's apartment and got back into their vehicle. As they drove back toward Tommy's Lounge, Hyatt and other officers stopped their vehicle and seized a syringe, a shot glass containing a yellow powder substance later determined to contain cocaine and oxycodone (Percodan), and a small plastic bag of cocaine hidden in Lisa Feeback's mouth. The Feeback sisters informed Hyatt that they obtained this cocaine from the defendant and that he had more cocaine at his apartment.
Based on the above information, Hyatt obtained a search warrant for the defendant's apartment. In the subsequent search of the defendant's apartment, police officers seized two small plastic bags of cocaine and fourteen plastic bags of marijuana.

ASSIGNMENTS OF ERROR NOS. ONE, THREE, FOUR, AND SIX
In assignment of error number one, the defendant contends that the trial court erred in denying the motion to suppress physical evidence seized from his apartment. In assignments of error numbers three, four, and six, the defendant contends that the trial court erred in allowing State Exhibits 4 through 11 to be introduced into evidence.
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. Const. Art. I, § 5; La.Code Crim.P. art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Revere, 572 So.2d 117, 128 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991).
Since the instant search and seizure of evidence was conducted pursuant to a search warrant, the defendant had the burden to prove the grounds of his motion to suppress. La.Code Crim.P. art. 703 D; State v. Harris, 444 So.2d 257, 260 (La. App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984). For the reasons which follow, we find that the defendant failed to meet this burden of proof and, therefore, the trial court correctly denied the motion to suppress.
At the hearing on the motion to suppress, the affidavit in support of the search warrant was introduced into evidence. The affidavit provided as follows:
The affiant gave $100.00 of marked money to a C.I., who gave same to an unwitting party, who was to go pick up the cocaine. The affiant followed the unwitting party to the above address and saw them go inside then return to their vehicle and proceed back to the CI. The affiant stopped the unwitting party and seized what the unwitting party stated was cocaine that they obtained from the above address. The unwitting party stated that more cocaine was at the house.
In his brief to this Court, the defendant attacks the search warrant on three bases. First, he contends that the police had no probable cause to stop the Feebacks' vehicle and, therefore, the seizure of physical evidence from them, which led to the confessions that they obtained the cocaine from the defendant, tainted the instant search warrant for the defendant's apartment. We disagree. A person adversely affected by a confession unlawfully obtained from another has no standing to raise its illegality in court. State v. Burdgess, 434 So.2d 1062, 1064-1065 (La.1983); State v. Peters, 542 So.2d 592, 595 (La.App. 1st Cir.1989). Even if the police unlawfully stopped the Feebacks' vehicle, thus rendering *913 the subsequent search, seizure of evidence, and confession inadmissible, such information could nevertheless be utilized as a crucial part of the showing of probable cause in the affidavit in support of the search warrant for the defendant's apartment. See State v. Culotta, 343 So.2d 977 (La.1976); State v. Bearden, 449 So.2d 1109, 1118 (La.App. 5th Cir.), writ denied, 452 So.2d 179 (La.1984).
Next, noting that the affidavit in support of the search warrant referred to information derived from a confidential informant and from the Feeback sisters, the defendant correctly contends that there was no showing that either the confidential informant or the Feeback sisters were reliable. Finally, the defendant contends that much of the information contained in the affidavit was unreliable hearsay. Nevertheless, an affidavit in support of a search warrant may be based upon hearsay; however, the affidavit must set forth sufficient underlying circumstances and details to provide a substantial factual basis by which the magistrate might find both the informant and the information provided by him to be reliable. State v. Clay, 408 So.2d 1295, 1299 (La.1982); State v. Gordon, 582 So.2d 285, 289 (La.App. 1st Cir.1991). While the affidavit does not contain an averment of previous reliability relating to either the confidential informant or the Feeback sisters, such a statement is not a prerequisite to a finding of reliability. Affidavits must be read in a common sense and realistic manner, and the magistrate's judgment should be based on a reading of the entire affidavit. State v. Clay, 408 So.2d at 1299. In the instant case, the affiant was Commander Louis Hyatt. While part of the information in the affidavit was obtained through Hyatt's initial conversation with the confidential informant and through the confession made by the Feeback sisters, this information was largely corroborated by Hyatt's personal observations. Hyatt knew that the Feeback sisters were leaving Tommy's Lounge to obtain some cocaine. He followed them as they left the lounge and drove straight to the defendant's apartment. Hyatt and other officers stopped the Feeback sisters on the way back to the lounge and seized cocaine from them. They admitted that they obtained the cocaine from the defendant and stated that he had some more cocaine in the apartment. We conclude that the affidavit provided a substantial basis for believing that the defendant had distributed cocaine to the Feeback sisters and that more cocaine could be found at his apartment. Our review of the record[2] indicates that the trial court properly denied the defendant's motion to suppress physical evidence seized pursuant to the search warrant. Accordingly, this assignment of error lacks merit.
In assignments of error numbers three, four, and six, the defendant contends that the trial court erred in allowing State Exhibits 4 through 11 to be introduced into evidence. Specifically, the defendant contends that these items of evidence were inadmissible because they were irrelevant and highly prejudicial.
La.Code of Evidence art. 401 provides:
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
La.Code of Evidence art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
Initially, having found that the trial court correctly denied the defendant's motion to suppress, we conclude that the cocaine and marijuana seized from the defendant's apartment (State Exhibits 5, 6, 9, and 10) *914 were clearly relevant and, therefore, were properly introduced into evidence.
State Exhibit 7 was a syringe and State Exhibit 8 was a shot glass containing a yellow powder later determined to contain oxycodone (Percodan) and cocaine. In his brief to this Court, the defendant contends that these items were irrelevant because they were seized from the Feeback sisters and were unrelated to the case against him. He further contends that they were highly prejudicial. However, the defendant did not object to the introduction into evidence of these two items at trial and, therefore, any error in allowing these items to be admitted into evidence was waived. See La.Code of Evidence art. 103 A(1); La.Code Crim.P. art. 841.
The remaining items (State Exhibits 4 and 11) consist of the following: 1 scale, 4 pairs of scissors, 1 plastic spoon, 1 metal spoon, 4 syringes, 1 pack of cigarette rolling papers, 1 pack of razor blades, 1 plastic bag, and 1 box of plastic baggies. All of these items could be considered as drug paraphernalia and/or associated with drug use and packaging and, therefore, were relevant to the issue of the defendant's intent to distribute. See State v. Jordan, 489 So.2d 994, 996-997 (La.App. 1st Cir.1986).
For the above reasons, these assignments of error are meritless.

ASSIGNMENT OF ERROR NO. FIVE
In this assignment of error, the defendant contends that the trial court erred in permitting the State's representative, Commander Louis Hyatt, to testify after listening to the testimony of Lt. Willard Bunch.
The purpose of sequestration is to assure that a witness will testify as to his own knowledge of the events, to prevent the testimony of one witness from influencing the testimony of others, and to strengthen the role of cross-examination in developing facts. State v. Revere, 572 So.2d 117, 125 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991). The resolution of sequestration problems is within the sound discretion of the trial court. State v. Ondek, 584 So.2d 282, 298 (La. App. 1st Cir.), writ denied, 586 So.2d 539 (La.1991). On appeal, the reviewing court will look at the facts of each case to determine whether or not a sequestration violation resulted in prejudice to the accused. State v. Lopez, 562 So.2d 1064, 1066 (La. App. 1st Cir.1990).
La.Code of Evidence art. 615 provides, in pertinent part:
A. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion. However, this Article does not authorize exclusion of:
* * * * * *
(2) A single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney; ...
Generally, the problem of exempting a witness as the State's representative is the potential danger that his testimony might be influenced by listening to the testimony of the other witnesses. See State v. Lopez. In his brief to this Court, the defendant contends that the State failed to comply with Comment (d) to Article 615,[3] and State v. Lopez, by not having *915 Cmdr. Hyatt testify as the first witness. However, the defendant's argument fails to consider the following. First, the defendant did not request the sequestration of witnesses; and he acknowledged this fact during Hyatt's testimony. Next, while the defendant contends that Hyatt was designated the State's representative under Article 615, the record gives no indication that Hyatt was so designated. In fact, since there was no request for sequestration, a designation of Hyatt as the State's representative under Article 615 would have been unnecessary. In any event, the defendant cites State v. Lopez for the proposition that prejudicial and reversible error occurred when Hyatt was allowed to testify after having listened to the testimony of Bunch. He also contends that trial counsel's failure to object to Hyatt's testimony under these circumstances constituted ineffective assistance of counsel. However, the ineffective assistance of counsel argument was not assigned as error. In accord with the well-established jurisprudence of the Louisiana Supreme Court, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. State v. Williams, 319 So.2d 404, 405 (La.1975); State v. Spears, 525 So.2d 329, 330 n. 4 (La.App. 1st Cir.), writ denied, 532 So.2d 175 (La.1988). Nevertheless, even if trial counsel should have requested sequestration and/or objected to Hyatt's testimony occurring after that of Bunch, for the reasons which follow, we find no prejudice to the defendant. Hyatt was the only witness to testify at the motion to suppress hearing, which occurred over nine months before the instant trial. We have reviewed Hyatt's motion to suppress testimony and his trial testimony and find that they are substantially similar. There is no doubt that Hyatt, not Bunch, was the key witness in this case. After examining Bunch's trial testimony, and considering the similarities between the testimony given by Hyatt at the motion to suppress hearing and subsequently at trial, we reject the possibility that Hyatt's trial testimony was influenced by the earlier testimony of Bunch. See State v. Johnson, 604 So.2d 685 (La.App. 1st Cir.1992). Therefore, having found no prejudice to the defendant under these circumstances, we likewise reject his assertion of reversible error based on ineffective assistance of counsel.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. SEVEN
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a new trial. In his brief to this Court, in support of his assertion that the trial court should have granted a new trial, the defendant cites all of the arguments relating to the previous assignments of error. Having found no merit to those assignments of error, we likewise find no merit to the defendant's cumulation of errors argument.

ASSIGNMENT OF ERROR NO. EIGHT
In this assignment of error, the defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal. Specifically, the defendant contends that the evidence was insufficient to support the instant convictions.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.Code Crim.P. art. 821; State v. King, 563 So.2d 449, 456 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La. 1990). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes *916 every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La. App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
In his brief to this Court, the defendant first contests the sufficiency of the evidence of his possession with intent to distribute marijuana conviction. He contends that the evidence was insufficient to prove an intent to distribute, since the only evidence of an intent to distribute was Hyatt's testimony that the thirteen plastic bags containing marijuana (State Exhibit 6) located inside the shopping bag (State Exhibit 5) were "packaged for distribution." At the time of his arrest, the defendant informed Hyatt that all of the marijuana was his and that it was for his personal use. In fact, one additional plastic bag of marijuana (State Exhibit 9) was recovered from one of the defendant's boots. However, the intent to distribute may be inferred from the surrounding circumstances. The trier of fact may look to how the substance was packaged, the quantity of the substance seized, and the presence of scales or other paraphernalia for drug use or packaging. State v. Jordan, 489 So.2d 994, 996-997 (La.App. 1st Cir.1986). Under the circumstances present herein, it is obvious that the defendant was in possession of an amount of marijuana inconsistent with personal use. This fact, and the seizure of a scale, clear plastic sandwich bags, and other paraphernalia for drug use or packaging obviously indicated possession of marijuana with the intent to distribute. Considering all of the above, we find sufficient evidence was presented to prove beyond a reasonable doubt the offense of possession of marijuana with intent to distribute.
Concerning his distribution of cocaine conviction, the defendant contends that the Feeback sisters provided the only evidence linking him to cocaine distribution. He specifically refers to his argument in assignments of error numbers one, three, four, and six, wherein he concluded that Hyatt's testimony to the effect that the Feeback sisters confessed that they obtained cocaine from the defendant was unreliable and constituted inadmissible hearsay. First, we disagree with the defendant's assertion that the confession to Hyatt by the Feeback sisters was the only evidence linking him to cocaine distribution. While no doubt a key link, their confession was not the only such evidence. The seizure of cocaine and marijuana from the defendant's apartment indicated that he was involved with illegal drugs. Furthermore, the cocaine actually distributed to the Feeback sisters by the defendant was recovered from Lisa Feeback's mouth. While Hyatt's testimony regarding the Feebacks' confession that they obtained this cocaine from the defendant was inadmissible hearsay, the defendant never entered a hearsay objection to such testimony at the trial. Generally, hearsay evidence not objected to constitutes substantive evidence and may be used by the trier of fact to the extent of any probative or persuasive powers that it might have. State v. Harris, 444 So.2d 257, 262 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984). This rule is inapplicable if the hearsay evidence is the exclusive evidence of the offense or an essential element thereof and is contradicted at trial by the sworn recantation of the out-of-court declarant. State v. Allien, 366 So.2d 1308, 1312 (La.1978); State v. Polkey, 529 So.2d 474, 476 (La. App. 1st Cir.1988), writ denied, 536 So.2d 1233 (La.1989). In the instant case, obviously there was no sworn recantation of this evidence at the trial, since the Feeback sisters did not testify. Considering the above, we are convinced that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that the defendant committed the offense of distribution of cocaine.
This assignment of error is meritless.

ASSIGNMENTS OF ERROR NOS. NINE AND TEN
In assignment of error number nine, the defendant contends that the trial court erred in adjudicating him to be a second felony habitual offender. Specifically, the defendant contends that the State *917 failed to prove that the five year cleansing period provided in La.R.S. 15:529.1 C had not elapsed. In assignment of error number ten, the defendant contends that the trial court erred in imposing excessive sentences. Because we have found a patent error which requires us to vacate the habitual offender adjudications and sentences, we will not review the merits of these assignments of error.
The defendant was adjudicated a second felony habitual offender. At sentencing, the trial court specifically stated that the defendant's sentence of forty-five years at hard labor for distribution of cocaine was being enhanced pursuant to the habitual offender adjudication. However, the trial court did not specifically state that the defendant's concurrent sentence of forty years at hard labor for possession of marijuana with intent to distribute was an enhanced sentence. Nevertheless, because the normal maximum sentence for possession of marijuana with intent to distribute is thirty years at hard labor (La.R.S. 40:966 B(2)) and because both convictions were listed in the habitual offender bill of information, we can only conclude that both of the defendant's sentences were enhanced pursuant to La.R.S. 15:529.1. However, multiple convictions obtained the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of habitual offender enhancement. See State ex rel Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). Accordingly, the instant habitual offender adjudications and sentences must be vacated and the case remanded for further proceedings not inconsistent with this opinion.
CONVICTIONS AFFIRMED; HABITUAL OFFENDER ADJUDICATIONS AND SENTENCES VACATED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] Judge Grover L. Covington, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] We note two patent errors in connection with the bill of information. First, possession of marijuana with intent to distribute was incorrectly cited as La.R.S. 40:979 B. The correct statutory citation for this offense is La.R.S. 40:966 A. Nevertheless, error in the statutory citation shall not be grounds for dismissal of an indictment or for reversal of a conviction if the error did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464; State v. Thomas, 572 So.2d 681, 682 n. 1 (La.App. 1st Cir. 1990), writ denied, 604 So.2d 994 (La.1992). At no time did the defendant express any doubt as to the nature of this charge, nor did he object to the error. The defendant does not allege, nor do we find, that he was misled or in any way prejudiced by this erroneous statutory citation.

Furthermore, the court minutes do not indicate that the defendant was rearraigned after the prosecution amended the bill of information by deleting Counts 2 and 3 and renumbering Count 4 as Count 2. Nevertheless, the defendant does not allege, nor do we find, any prejudice. In any event, failure to rearraign the defendant was waived, since he did not object before trial. La.Code Crim.P. art. 555; State v. Delatte, 504 So.2d 1067, 1068 n. 1 (La.App. 1st Cir.1987).
[2] In determining whether or not the ruling on the defendant's motion to suppress was correct, an appellate court is not limited to the evidence adduced at the hearing on that motion. Instead, this Court may consider all pertinent evidence given at the trial of the case. State v. Merchant, 490 So.2d 336, 339 n. 2 (La.App. 1st Cir.), writ denied, 496 So.2d 326 (La.1986).
[3] Comment (d) to Article 615 provides, in pertinent part:

On the other hand, the exemption of representatives may, if mechanically applied, result in manifest unfairness such as by undermining the right to meaningful cross-examination. Nothing in this Article is intended to deprive the trial court of the power to sequester witnesses in such cases in the interests of justice. See Code Crim.P. Art. 17. Such a potentially prejudicial situation is presented, of course, in criminal cases when a law enforcement officer who is designated as the state's representative is expected also to testify as a fact witness. In such a situation the court should take appropriate measures to minimize the possibility of prejudice, such as permitting the case agent to be designated as the state's representative only if he testifies prior to all other fact witnesses.