CARTER, Judge.
Defendant, Lon Hunter, was charged by bill of information with possession of marijuana with intent to distribute, in violation of LSA-R.S. 40:966A. He pled not guilty and filed a motion to suppress. After a hearing, the trial court denied the motion to suppress. Defendant withdrew his not guilty plea and pled guilty as charged, reserving his right to appeal the trial court’s denial of the motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant received a sentence of six years at hard labor, with credit for time served. The trial court suspended execution of the sentence and placed defendant on active, supervised probation for two years with special conditions of probation. Defendant appealed, alleging two assignments of error, as follows:
1. The trial court erred in denying defendant’s motion to suppress physical evidence.
2. The trial court erred in denying defendant’s challenge to the proposed allotment of his case to a special narcotics court.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Because there was no trial and no testimony was adduced at the motion to suppress hearing, there is very little factual information about the instant offense. The following facts are derived from the search warrant affidavit and the return on the search warrant.
At approximately 9:46 p.m. on March 30, 1992, Baton Rouge City Police Detectives Wally Cowart and James Salsbury obtained a search warrant to search the residence at 255 Richland Drive in Baton Rouge, Louisiana, for marijuana and other drug paraphernalia.
In the search warrant affidavit, Detectives Cowart and Salsbury indicated that within the past twenty-four hours, they had utilized a confidential informant (C.I.) in a controlled buy of marijuana from a subject named *788 “Ronnie” at 855 Steele Boulevard in Baton Rouge. During the controlled buy, the C.I. was wired for sound, and the officers were monitoring parts of the conversation between the C.I. and Ronnie. Ronnie indicated that he had to leave to get the marijuana and that it would take him approximately five minutes. The detectives followed Ronnie to the residence at 255 Richland Drive and observed him enter. Approximately five minutes later, they observed Ronnie return to 855 Steele Boulevard, whereupon the drug transaction with the C.I. was completed. Ronnie informed the C.I. that the source of his marijuana had received forty pounds of marijuana within the past forty-eight hours. A search of the residence at 255 Richland Drive (later determined to be defendant’s residence) yielded approximately twenty-nine pounds of marijuana, $1,792.00 in cash, and a Colt .38 special revolver.
ASSIGNMENT' OF ERROR NO. ONE
In this assignment of error, defendant contends that the trial court erred in denying the motion to suppress physical evidence seized from his residence. Specifically, he argues that the affidavit in support of the search warrant lacked a sufficient showing of probable cause and that the good faith exception of U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is inapplicable herein.
A search warrant may issue only upon probable cause established to the satisfaction of a judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. LSA-Const. Art. 1, § 5; LSA-C.Cr.P. art. 162. Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Revere, 572 So.2d 117, 128 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991).
Since the instant search and seizure of evidence was conducted pursuant to a search warrant, defendant had the burden to prove the grounds of his motion to suppress. LSA-C.Cr.P. art. 703D; State v. Harris, 444 So.2d 257, 260 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984). For the reasons which follow, we find that defendant failed to meet this burden of proof, and, therefore, the trial court correctly denied the motion to suppress.
At the hearing on the motion to suppress, the defense did not introduce any evidence and only offered legal arguments and jurisprudence in support of his position. The state introduced the affidavit in support of the search warrant, the search warrant, and the return on the search warrant. The affidavit provided as follows:
Affiant informs the court that within the past twenty-four hours affiants conducted a controlled buy from a residence located at 855 Steele Blvd., Baton Rouge, La. During the transaction of the controlled buy the seller advised the C.I. that he would have to leave and go get the marijuana bringing it back to the C.I. which would take about five minutes. The C.I. was wired for sound and detectives were monitoring parts of the conversation. The seller, identified as “Ronnie” by the C.I., left the residence as detectives followed him to the residence described above [255 Richland Drive], The seller stayed at the residence for about five minutes returning to the C.I. location on Steele Blvd. The C.I. exited with approx. ⅝ lb[.] of suspected marijuana and met affiants. The seller advised the C.I. that the source of his marijuana had received forty lbs[.] of marijuana with (sic) the past forty-eight hours. Detectives observed the seller enter and exit the residence on Richland Drive.
In his brief to this court, defendant alleges the search warrant was not based upon sufficient probable cause because the affidavit was based on too many assumptions. Specifically, defendant notes that the affidavit did not state whether Ronnie stopped anywhere else on his way to the residence at 255 Richland Drive or whether he made any stops on his return to 855 Steele Boulevard. Defendant also notes that the affiants failed to indicate whether Ronnie had contact with *789 any other person in route between the two residences. Defendant further argues that the affidavit did not state that marijuana was actually observed at 255 Richland Drive or that the officers conducted a surveillance of this address. Finally, defendant argues that the affidavit failed to state whether 255 Rich-land Drive was a house, a duplex, fourplex, or apartment complex. Based upon all of these alleged deficiencies in the affidavit, defendant argues that there was insufficient probable cause to believe that Ronnie had obtained marijuana from defendant’s residence, or even if he had done so, that there was an additional quantity of marijuana remaining at defendant’s residence.
As the trial court observed at the motion to suppress hearing, the affiants could have done a better job in their affidavit by definitely stating that Ronnie traveled directly to 255 Richland Drive and returned directly to 855 Steele Boulevard without any intervening-stops and without meeting any other persons along the route. However, the trial court read the affidavit to mean just what it said. If Ronnie had made stops along the way or had contacted other persons, the officers would have included such information in the affidavit. Although defense counsel asserted at the motion to suppress hearing that 255 Richland Drive is a duplex, there is no indication in the record that this address was incorrect or that there was any confusion or uncertainty about the address to which Ronnie traveled when he left 855 Steele Boulevard. While the officers did not conduct an independent surveillance of 255 Richland Drive, they did observe Ronnie proceed to, enter, and depart from this residence when he left 855 Steele Boulevard for the stated purpose of obtaining the marijuana for the controlled buy. Finally, although no one observed marijuana inside the residence at 255 Richland Drive, Ronnie did state to the confidential informant upon returning to 855 Steele Boulevard that his source had received forty pounds of marijuana within the past forty-eight hours.
Affidavits must be read in a common sense and realistic manner, and the magistrate’s judgment should be based on a reading of the entire affidavit. State v. Clay, 408 So.2d 1295, 1299 (La.1982). Viewing the above affidavit in a common sense and realistic manner, we conclude that the affidavit provided a substantial basis for believing that Ronnie had obtained the marijuana for the controlled buy from defendant’s residence at 255 Rich-land Drive and that there was a substantial probability that additional marijuana could be located at the residence due to the recent large shipment of marijuana described by Ronnie. Our review of the record indicates that the trial court properly denied defendant’s motion to suppress physical evidence seized pursuant to the search warrant.
Our decision herein is supported by the recent case of State v. Beach, 610 So.2d 908, 911-13 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1252 (La.1993), which involved a similar factual situation. In Beach, a controlled purchase of cocaine was arranged with Lisa and Theresa Feeback. When the Feeback sisters left the location of the controlled purchase to obtain the cocaine from their supplier (later identified as Beach), they were followed by police officers, who observed them enter and leave Beach’s apartment. When the Feeback sisters were stopped a few minutes later, they informed the police officers that they had obtained their cocaine from Beach’s apartment and that there was more cocaine at his apartment. Based on this information, the police officers obtained a search warrant and seized cocaine and marijuana from Beach’s apartment. Analyzing the affidavit in support of the search warrant in Beach, this court found that it provided a sufficient showing of probable cause for the issuance of the search warrant. Arguably, the instant affidavit, while not perfect, is more thorough and contains more information than the affidavit which we upheld in Beach.
Accordingly, this assignment of error is without merit.

CONCLUSION

For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.