712 So.2d 293 (1998)
Edward M. McHALE
v.
SCHWEGMANN BROS. GIANT SUPER MARKETS, INC.
No. 97-CA-788.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
Rehearing Denied June 17, 1998.
*294 Pat M. Franz, Metairie, for plaintiff-appellee.
George R. Blue, Jr., Blue Williams, Metairie, for defendant-appellant.
Before GAUDIN, CANNELLA and DALEY, JJ.
GAUDIN, Judge.
Schwegmann Supermarket has appealed from a judgment awarding $51,836.04 to a slip-and-fall victim. We affirm.
Edward M. McHale was in Schwegmann's Power Boulevard store on January 30, 1990 when he stepped on or into what was described as a six-or eight-inch puddle of a dark liquid, something that looked like Coca-Cola. His knee injury was serious and he was taken immediately to East Jefferson Hospital.
On appeal, Schwegmann argues that the trial judge committed manifest error:
(1) by not finding that Schwegmann had acted reasonably in its efforts to detect and clean spills on the floors of its store,
(2) by excluding Era Perrilloux as a witness,
(3) by excluding the written statement of Ms. Perrilloux,
(4) by denying appellant's Motion for a New Trial to permit the testimony of Ms. Perrilloux,
(5) by excluding the "floor log" section of Exhibit D-2, and
(6) by awarding excessive general damages for pain and suffering and excessive future medical expenses.
The judgment, dated October 25, 1996, awarded these amounts:

$45,000.00 general damages, pain and suffering,
 1,244.04 past medical expenses,
 5,000.00 future medical expenses, and
 592.00 loss wages.

In addition, the trial judge awarded legal interest, court costs and a fee for the medical expert, $1,000.00.
On February 8, 1997, and on April 22, 1997, the trial judge denied motions for a new trial.

ASSIGNMENT NO. 1
In an attempt to show that its floor was kept reasonably clean and safe, Schwegmann called several witnesses, including Carolyn Johnson and Tyrone Butler.
Johnson, the assistant porter supervisor, testified that when a foreign substance is seen on the floor, the person making the discovery would call on the intercom: "Code 20." Then, according to Johnson, a porter would sweep or mop up the substance, then write in the log exactly what he or she had done.
McHale fell in isle 15B at about 3 p.m. on January 30, 1990. The store log shows that at 2:10 p.m. on January 30, 1990 a "Code 20" occurred in isle 15B but the log does not indicate that anything was swept or mopped up.
Schwegmann placed eight log sheets in evidence. Both Johnson and Butler testified that log sheets are carried by floor inspectors, who make notations on the logs as they reach the end of each isle. Then, according to these witnesses, the sheets are folded and placed in the inspector's pocket. The log sheets in evidence do not give any indication that any of them was ever folded. The log *295 sheets show that isle 15B was inspected on the day of the accident at 1:58 p.m. by Melvin Ratcliffe, at 2:10 p.m. by Brenda Miller, at 2:23 p.m. by Ratcliffe, at 2:26 p.m. by Johnson and at 2:44 p.m. by Era Perrilloux. Not being folded, however, the log sheets are suspect. McHale's attorney questioned Johnson and Butler about the possibility that the log sheets were manufactured later, as an office procedure.
Butler, a store security officer, said he had been in the area where McHale fell about 20 or 30 minutes before the accident and that the floor in isle 15B at that time was clear. After McHale went down, however, Butler said he saw a "small puddle, brownish color which appeared to have been some type of soft drink" in isle 15B.
Schwegmann did not call Ratcliffe or Miller but it did attempt to call Perrilloux, who was not allowed to testify because she had violated the trial court's sequestration order.
LSA-R.S. 9:2800.6 requires a merchant to make a reasonable effort to keep his premises free of hazardous conditions. If there is no breach of this duty, a store-owner is not answerable in damages to an injured plaintiff.
Here, Schwegmann relies primarily on its log sheets. Whether log sheets are trustworthy and whether they are supported by credible testimony are findings of fact, subject on appeal to the manifest error rule. The trial judge apparently felt that the testimony of Johnson, Butler and Schwegmann's other witness, Patrick O'Donahue, was not strong enough to substantiate unfolded log sheets. O'Donahue had no knowledge of preaccident conditions. He testified about what porters generally do and he also said that he had seen the liquid on the floor after McHale fell.

ASSIGNMENTS 2, 3, 4 AND 5
These assignments of error concern Perrilloux and her exclusion as a defense witness.
While Perrilloux was testifying, the trial judge recognized her as being in the courtroom while another Schwegmann employee, Butler, was testifying. When questioned by the trial judge, Perrilloux said she was unaware of the sequestration order. The trial judge ruled that Perrilloux could not testify, but later he held an evidentiary hearing on the circumstances of the rule violation.
Following the hearing, the trial judge stated:
"The Court by Judgment signed on December 4, 1996 granted a partial new trial for the sole purpose of conducting an evidentiary hearing with the witness Era Perrilloux to determine the extent of the breach of the Court's sequestration order which occurred during trial on the merits. On January 6, 1997, the Court heard from the witness Era Perrilloux. Defendant asserts that the witness heard nothing which would have warranted her being excluded as a witness. However, the Court finds the witness to not be credible or reliable. The Court notes that the testimony presented by the witnesses to the attorneys conflicts greatly with that elicited by the Court. Indeed, the witness did not testify truthfully as to what witness was on the witness stand when she entered the Courtroom. Further, the Court's own recollection of the events which transpired on the day of trial differs from that of the witness to the extent that the Court is satisfied that the witness' testimony would not have been uninfluenced by what she had heard and that such violation was sufficient to preclude her form participating in the trial. The Court finds no reason to grant a new trial of this matter."
The appropriate sanction for violation of a sequestration order is within the trial judge's sound discretion. See State v. Beach, 610 So.2d 908 (La.App. 1 Cir.1992), writs denied at 614 So.2d 1252 (La.1993), and many other cases with similar holdings, including State v. Battle, 635 So.2d 337 (La.App. 5 Cir.1994). The ruling excluding Perrilloux was not an abuse of discretion.
A proffer of Perrilloux's testimony was not made, but from the record it appears that she would have said that when she inspected isle 15B at 2:44 p.m. on January 30, 1990, the floor was clean. Even if allowed, Perrilloux's testimony would not have affected the outcome of this case in the district court.
*296 The section of the floor log excluded contained some writings by Perrilloux but these two pages, like Perrilloux's testimony, was not proffered in the trial court.

ASSIGNMENT NO. 6
McHale fractured his left kneecap and was placed in a hip-to-ankle cast by Dr. Edmond Landry for approximately three weeks. He was then put in a knee immobilizer for about three and a half weeks. Following this, he was on crutches and in a wheelchair.
In October, 1994, McHale consulted Dr. Landry for knee pain. Dr. Landry testified that McHale could expect future pain from standing and exertion and that he would suffer from arthritic changes brought on by his fall in Schwegmann's store. McHale, Dr. Landry said, would require future medical treatment. McHale was 53 years of age when injured and is now 61.
While the award for general damages, pain and suffering, and for future medical expenses made to McHale may be on the high side, as Schwegmann contends, it was not so excessive as to constitute an abuse of discretion.
AFFIRMED.