|, McKAY, Judge.
In this personal injury action, the plaintiffs, Clinton and Evelyn Simmons, appeal the trial court’s entering of a jury verdict which found that the defendants, Transit Management of Southeast Louisiana, Inc. and Orleander James, and Mr. Simmons were each 50% comparatively at fault in causing Mr. Simmons’ injuries and which failed to make an award for physical pain and suffering despite awarding the plaintiffs $80,000.00 for medical expenses, $150,000.00 for mental pain and suffering, $20,000.00 for disfigurement and disability, and $50,000.00 for Mrs. Simmons’ loss of consortium. We affirm in part and reverse and render as set forth below.
FACTS AND PROCEDURAL HISTORY
On May 5, 1998, Clinton Simmons, a wheelchair bound individual who was recovering from a below knee amputation of his right leg and returning .home from a kidney dialysis treatment, was a passenger on an RTA “Lift” vehicle, which was operated by defendant, Transit Management of Southeast Louisiana, Inc. and driven by defendant, Orleander Jones. While in the process of being lowered from |2the wheelchair lift and making his way to his son’s home, Mr. Simmons fell out of his wheelchair and injured his stump knee when it hit the pavement. Mr. Simmons maintains that he was ejected from his wheelchair as a result of the RTA driver, Orleander James, pushing him off of the wheelchair lift. The RTA claims that Mr. Simmons was already off of the bus and was pushing his wheelchair on the sidewalk on his way to his son’s home.
As a result of the accident, Mr. Simmons sustained serious injuries to his legs, which eventually resulted in the amputations of both legs above the knees. The first above knee amputation, of his right leg, was performed on June 4,1998. Following the above knee amputation, Mr. Simmons was unable to be properly fitted with a prosthesis. Because of this, Mr. Simmons had great difficulty walking. The difficulty in walking caused a pressure effect on his left heel which caused an ulcer to develop. The ulcer led to a debridement surgery of the left heel which was unsuccessful. The left leg was then amputated nine months after the right leg amputation.[1] In May of 1999, Mr. Simmons died.
The plaintiffs filed suit against Transit management of Southeast Louisiana, Inc., operating as the Regional Transit Authority, and Orleander James. On February 22, 2001, after hearing three days of testimony, the jury returned a verdict apportioning 50% fault to Clinton Simmons and 50% to the defendants. The jury awarded $0 (zero) for physical pain and suffering, $80,000 in medical expenses, $150,000 for mental pain and suffering and emotional distress, $20,000 | J'or disfigurement and disability, and $50,000 for Mrs. Simmons’ loss of consortium. The trial court entered a judgment on the jury’s verdict on March 6, 2001. The plaintiffs timely filed post-trial motions for judgment notwithstanding the verdict (JNOV) and for new trial on the grounds that the apportionment of 50% fault to Mr. Simmons was not supported by the evidence, and that the jury verdict was contradictory in finding *1086 that Mr. Simmons had suffered an objective injury which required an award of $80,000 in necessary medical expenses, but then awarded nothing for pain and suffering. The trial court denied the plaintiffs’ post trial motions on June 15, 2001. Thereupon, the plaintiffs appealed.
DISCUSSION
On appeal, the plaintiffs raise the following assignments of error: 1) the jury erred in finding that plaintiff was guilty of 50% comparative fault for his injuries; 2) the jury erred in' failing to award general damages for physical pain and suffering after finding that plaintiff suffered objective physical injury requiring an award of $80,000 in necessary medical expenses; and 8) the trial court erred in denying plaintiffs’ post-trial relief in the form of a judgment notwithstanding the verdict and/or for new trial.
A reviewing court may not disturb reasonable' evaluations of credibility and factual inferences that are supported by evidence, even if it feels that its evaluations are more reasonable. J.A.G. v. Schmaltz, 95-2755 (La.App. 4 Cir. 10/23/96), 682 So.2d 331. However, the reviewing court must do more than simply review the record for evidence which supports or controverts the trial j4court’s factual findings; the court must determine whether the trial court’s findings were clearly wrong or manifestly erroneous and must ascertain whether the trial court’s conclusions were reasonable. Lewis v. State, Through DOTD, 94-2370 (La.4/21/95), 654 So.2d 311, 312. Where documents or objective evidence so contradict the witness’ story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness’ story, the court of appeal may well find. manifest error or clear wrongness even in a finding purportedly based on a credibility determination. Young v. Costello, 2000-1750 (La.App. 4 Cir. 6/27/01), 790 So.2d 146, 150.
In the instant case, two diametrically opposite versions of the accident were presented at trial. The plaintiffs’ version has Mr. Simmons falling out of his wheelchair while he is being pushed off of the lift. The defendants’ version has Mr. Simmons falling out of his wheelchair while he was wheeling himself down the sidewalk. It was not reasonable for the jury to conclude that Mr. Simmons and Mr. James were each 50% at fault in causing the accident. Based on the stories presented by both parties, the jury should have made a credibility determination and found one party or the other 100% at fault because each version of events is mutually exclusive and incompatible with the other. Because we find that the jury’s finding as to fault was manifestly erroneous, we must now examine the record and make a determination as to fault.
The plaintiffs version of the accident was corroborated by the videotaped deposition testimony of Beryl Eugene, a passenger on the RTA lift who witnessed | Bthe accident through the van’s window, as well as the accident report prepared shortly after the accident by Joy Horton, a supervisor for the RTA. In addition, three other family witnesses reported that they saw Mr. Simmons after the fall. His grandson saw him on the ground at the base of the lift with the wheelchair laying half on the lift and half on the ground and saw the driver helping him back into the chair. Mr. Simmons’ wife and son saw him next to the lift itself, after he had been helped back into the wheelchair.
Mr. Eugene testified that he witnessed Mr. Simmons fall out of his wheelchair as the driver was pushing Mr. Simmons off of the lift. He described how the driver was at the back of the wheelchair pushing Mr. Simmons off of the lift when Mr. Simmons *1087 fell out of the chair onto his side. He stated that as the driver pushed Mr. Simmons off, the left wheel caught on the bottom of the elevator lift causing Mr. Simmons to fall out of the chair. Mr. Eugene further stated that it looked like the driver pushed Mr. Simmons out too fast causing the fall. After the fall, he witnessed the driver help Mr. Simmons back into his chair. Although there is some question about Mr. Eugene’s ability to witness the accident from his vantage point, his testimony was consistent with that of the family witnesses as well as the RTA’s accident report.
It is most significant that the RTA’s own accident report placed the fault for causing the accident on Mr. James. Part of Ms. Horton’s job was to investigate accidents. In this case, her investigation caused her to believe the story of Mr. Simmons and the other witnesses while discounting the story of Mr. James. The | ¿report, under the heading, “Supervisor’s description of the accident, based on information provided to her by the witnesses,” states: “As the operator was assisting the passenger off of the lift bus, something caused the wheelchair to tilt over. The passenger fell to the ground, injuring his right leg and opening his surgical wound.”
Based on the objective evidence in the accident report, corroborated by the witnesses, we find that Mr. James was 100% at fault in causing the accident which caused Mr. Simmons’ injuries. Accordingly, we hold that the defendants, Transit Management of Southeast Louisiana, Inc. and Orleander James, are 100 % at fault for the injuries to the plaintiffs, Clinton and Evelyn Simmons.
The appellants also contend that the jury erred as a matter of law in failing to award damages for physical pain and suffering after determining that plaintiff had sustained objective injuries meriting a medical expense award of $80,000. Although a jury verdict awarding medical expenses but denying an award for pain and suffering will most often be inconsistent in light of the record, in very limited circumstances a factfinder may reasonably conclude that a plaintiff is entitled to medical expenses but is not entitled to an award for pain and suffering. Wainwright v. Fontenot, 2000-0492 (La.10/17/00), 774 So.2d 70. However, these circumstances are limited to medical expenses incurred notwithstanding a later determination that plaintiff sustained no objective injuries. In making this determination, the particular facts of each case are ultimately determinative. Id. at 76.
|7In the instant case, Mr. Simmons fell directly on the stump of his right leg. The force was so great that his kneecap was fractured and the skin covering the stump was torn open. The jury awarded Mr. Simmons $80,000 in medical expenses as well as $150,000 for mental pain and suffering and $20,000 for disfigurement but awarded $0 for physical pain and suffering. This defies logic. From the photographs of Mr. Simmons’ injured knee as well as other objective evidence in the record, it is apparent to this Court that Mr. Simmons endured a great deal of physical pain and suffering. Although it is true that mental pain and suffering and disfigurement are types of general damages, they do not compensate the plaintiff for the actual physical pain and suffering that he endured. Accordingly, the jury erred in awarding Mr. Simmons $0 for physical pain and suffering.
We must now determine what Mr. Simmons should have been awarded for his physical pain and suffering. In making our determination, we are instructed that we may look to prior awards for the purpose of determining the highest or lowest amount that could have been awarded to the plaintiff under the particular circum *1088 stances of this case. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). In making our award, we must take into account the physical condition that Mr. Simmons was in before the accident as well as the other damages he has already been awarded. In McHale v. Schwegmann Bros. Super Markets, 97-788 (La.App 5 Cir. 5/27/98), 712 So.2d 293, a plaintiff with a fractured kneecap who was still suffering from residual pain four and a half years after his accident was |sawarded $45,000 in general damages. Although the injuries in McHale and the instant case are not identical, they do provide us with a reference point. We must also consider that Mr. Simmons was a diabetic with circulation and kidney problems, who had already undergone a below the knee amputation of his right leg. It appears that taking into account the particular circumstances of Mr. Simmons’ case, the lowest amount he could have reasonably been awarded for his physical pain and suffering was $50,000. Accordingly, we award Mr. Simmons that amount for his physical pain and suffering.
When a trial court denies a motion for JNOV, the appellate court reviews the record to determine whether the jury committed manifest error or whether there was an error of law. Autin’s Cajun Joint Venture v. Kroger Co., 93-0320 (La.App. 1 Cir. 2/16/94), 637 So.2d 538, 544. In reviewing a motion for new trial, the applicable standard on appeal is whether the trial court abused its discretion. Martin v. Heritage Manor South Nursing Home, 2000-1023 (La.4/3/01), 784 So.2d 627, 632; La.Code Civ. Pro. Art.l972(l). In doing so, the appellate court is allowed to review all of the evidence. Martin at 633. For the reasons stated above, the trial court erred in not granting a JNOV or a new trial.
DECREE
For the foregoing reasons, we amend the judgment of the trial court to hold defendants, Transit Management of Southeast Louisiana, Inc. and Orleander James, 100% at fault and the plaintiff, Clinton Simmons, without fault. We award |3the plaintiffs, Clinton and Evelyn Simmons, $50,000 for Mr. Simmons’ physical pain and suffering. In all other respects, the judgment below is affirmed.
AFFIRMED IN PART, AMENDED IN PART AND RENDERED IN PART.

. The causal connection between the amputation of the left leg and the May 5, 1998 accident is seriously disputed.